```
              IN THE UNITED STATES DISTRICT COURT
                         FOR THE
                MIDDLE DISTRICT OF PENNSYLVANIA
```

```
JULIO CHRISTIAN,                    :
                                    :
        Petitioner                  :
                                    :
    v.                              :   CIVIL NO. 3:CV-14-2213
                                    :
COMMONWEALTH OF PENNSYLVANIA,       :   (Judge Conaboy)
                                    :
        Respondent                  :
```
_____

## MEMORANDUM
### Background

Julio Christian, an inmate presently confined at the Rockview State Correctional Institution, Bellefonte, Pennsylvania (SCI-Rockview), filed this pro se action seeking habeas corpus relief to 28 U.S.C. § 2254. Named as Respondent therein is the Commonwealth of Pennsylvania.[1] Pursuant to the Petitioner's request, a subsequent action he initiated, Christian v. Commonwealth, Civil No. 3:CV-14-2272 was previously consolidated into this matter pursuant to Federal Rule of Civil Procedure 42(a).

Although, the exact nature of his allegations is not clear, Christian sets forth multiple general claims challenging the

---

[1] The only properly named Respondent in a federal habeas corpus action is Petitioner's custodial official, in this case, the SCI-Rockview Superintendent. See 28 U.S.C. § 2242.

1

legality of his Pennsylvania state court prosecution. The Petitioner has also filed a number of supplements and amendments to his action. See Docs, 4-8, 10, 14. Service of the Petition has not yet been ordered.

## **Discussion**

A § 2254 habeas corpus petition may be filed in the district where the applicant is confined or in the district where he was convicted. Fletcher v. Rozum, 2008 WL 2609826 * 2 (E.D. Pa. 2008). On August 27, 1987, Christian entered a guilty plea to multiple drug charges in the Philadelphia County, Pennsylvania Court of Common Pleas. See Christian v. Commonwealth, Civil No. 2:07-cv-3715 (E.D. Pa. March 28, 2008). Petitioner's pneidng indicates that he is presently serving a 12-46 term of incarceration that was imposed as a result of his August 27, 1987 guilty plea. See Doc. 1-1., ¶ 4.

It has been recognized that an application for habeas corpus relief under § 2254 "made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts" is properly filed either in the district court for the district "wherein such person is in custody" or in the district court for the district "within which the State court was held which convicted and sentenced him" and each of those district courts shall have concurrent jurisdiction

2

to entertain the application.  See 28 U.S.C. §2241(d).

The Philadelphia County Court of Common Pleas is located within the jurisdiction of the United States District Court for the Eastern District of Pennsylvania.  Under § 2241(d), the district court for the district in which a habeas petition is filed "in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing determination."

Moreover, 28 U.S.C. § 1404(a) states, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district where it might have been brought."  A district court may transfer a habeas petition pursuant to § 1404(a).  See In re Nwanze, 242 F.3d 521, 526, n. 2 (3d Cir. 2001)(§ 1404(a) applies to transfers of habeas corpus petitions); Fletcher, 2008 WL 2609826 at * 2.

Since the trial court, as well as any records, witnesses and counsel, are located within the United States District Court for the Eastern District of Pennsylvania, it would be prudent to transfer this action to the Eastern District.  An appropriate Order will enter.

        S/Richard P. Conaboy
        RICHARD P. CONABOY
        United States District Judge

DATED: FEBRUARY 13, 2015